1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

  v.

STEVE SANG RO, individually and
d/b/a UNION JACK PUB,

        Defendant.

_____/

No. C 09-02860 WHA

**ORDER DENYING PLAINTIFF'S
APPLICATION FOR SERVICE
BY PUBLICATION**

Plaintiff has moved for an order allowing service of defendant Steve Sang Ro by
publication in this action. Plaintiff's attorney Thomas P. Riley has filed an affidavit in support of
the application stating under oath that defendant Sang Ro is a necessary party to this action, that
defendant's current whereabouts are unknown, and that plaintiff hired a process server that made
unsuccessful attempts to serve defendant at defendant's last known three addresses.

Federal Rule of Civil Procedure 4(e)(1) allows service of a summons upon a party by
"following state law for serving a summons in an action brought in courts of general jurisdiction
in the state where the district court is located or where service is made." Plaintiff seeks to use a
method of service authorized by California Code of Civil Procedure 415.50(a) which provides in
relevant part that a summons may be served by publication if upon affidavit it appears to the
satisfaction of the Court that the party to be served cannot with reasonable diligence be served in
another specified manner and that a cause of action exists against the party upon whom service is
to be made or that he or she is a necessary or proper party to the action.

This order finds that the affidavit of plaintiff's counsel does not support his conclusory statements with sufficient detail to establish that defendant is a necessary party against whom a cause of action exists or that service cannot be accomplished with reasonable diligence. Without prejudice to renewal with a more robust affidavit, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE